1  MICHAEL E. WILBUR (State Bar No. 152361)
   AFRICA E. DAVIDSON (State Bar No. 225680)
2  APEX EMPLOYMENT LAW, LLP
   505 14th Street, Suite 900
3  Oakland, California 94612
   Telephone: (510) 588-1310
4
5  Email:  mwilbur@apexemploymentlaw.com
6  Attorneys for Defendant
   NewView Oklahoma, Inc.
7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11 Shenell Steward, individually and on behalf  )   Case No.
   of others similarly situated,                )
12                                              )
                    Plaintiff,                  )
13        vs.                                   )   **NOTICE OF REMOVAL**
                                                )
14 NewView Oklahoma, Inc., an Oklahoma          )
   corporation; and DOES 1 through 50,          )
15 inclusive,                                   )
                                                )
16                  Defendants                  )
                                                )
17

18      TO:     THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT

19 FOR THE EASTERN DISTRICT OF CALIFORNIA AND CLERK OF COURT:

20          PLEASE TAKE NOTICE that Defendant NEW VIEW OKLAHOMA, INC., hereby removes

21 the above-captioned action, Case No. FCS058441, from the Superior Court of the State of

22 California, County of Solano, to the United States District Court for the Eastern District of

23 California, pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446.

24 **A.      JURISDICTION**

25      1.      <u>Federal question</u>: The U.S. District Court has original jurisdiction over this matter

26 pursuant to 28 U.S.C. §§ 1331 and 1367, and this case may be removed under 28 U.S.C. § 1441,

27 because (a) Plaintiff was employed by Defendant on Travis Air Force Base, a federal enclave; (b) all

28 of Plaintiff's claims in this action arise out of her employment by Defendant on Travis Air Force

APEX EMPLOYMENT LAW, LLP
505 14th Street, Suite 900
Oakland, California 94612

APEX EMPLOYMENT LAW, LLP
505 14ᵗʰ Street, Suite 900
Oakland, California 94612

Base, in an area of the base as to which California ceded partial legislative jurisdiction to the United States when the United States acquired the property for the base; (c) legislative jurisdiction over the area where Plaintiff was employed by Defendant rests with the United States, with the sole exception of state taxation and service of process; (d) Plaintiff's state law claims are barred in whole or in part by the federal enclave doctrine; (e) all members of the putative class alleged in Plaintiff's Complaint were and are employed by Defendant at all times pertinent on Travis Air Force Base in an area of the base as to which California ceded partial legislative jurisdiction to the United States when the United States acquired the property for the base; (f) legislative jurisdiction over the area where all members of the putative class were and are employed by Defendant at all times pertinent rests with the United States, with the sole exception of state taxation and service or process; and (G) the state law claims asserted by the putative class are barred in whole or in part by the federal enclave doctrine.

2.    Diversity of citizenship: The U.S. District Court also has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and this case may be removed pursuant to 28 U.S.C. § 1441, because it is a civil action in which the amount in controversy exceeds $75,000, exclusive of interest and costs, it is between citizens of different states, and no defendant is a citizen of the State of California.

**B.    GENERAL INFORMATION**

3.    On June 9, 2022, Plaintiff SHENELL STEWARD filed a Complaint in the Superior Court of the State of California, County of Solano, entitled SHENELL STEWARD, Plaintiff v. NEW VIEW OKLAHOMA, INC., an Oklahoma Corporation and DOES 1 to 50, inclusive, Defendants, Case No.  FCS058441 (the "Complaint").

4.    NEW VIEW OKLAHOMA, INC. received a copy of the Complaint and summons by mail in July 2022 and was purportedly served by substitute service under California law, with the Complaint and summons having been mailed on July 15, 2022.  Under California law, if NEW VIEW OKLAHOMA, INC. was properly served, service was not effective until July 25, 2022, 10 days after the Complaint and summons were mailed. See C.C.P. section 415.20(a) and entry on Solano County Superior Court docket, a copy of which is attached as Exhibit A hereto.

5.    This Notice of Removal is timely in that it is filed within thirty days of July 25, 2022.

See *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999 (thirty-day removal period runs for all defendants from the date served with the original complaint); see also *Medrano v. Genco Supply Chain Solutions* (E.D. Cal. 2011) 2011 WL 92016, * 15.

**C.    APPLICABILITY OF THE FEDERAL ENCLAVE DOCTRINE**

6.    Plaintiff STEWARD was previously employed by NEW VIEW OKLAHOMA, INC. at Travis Air Force Base.

7.    Throughout the period of her employment at NEW VIEW OKLAHOMA, INC., Plaintiff worked in Building 243 on Travis Air Force Base, within a portion of Travis Air Force Base as to which California ceded partial legislative jurisdiction to the United States when the United States acquired the property for the base.

8.    The maps attached hereto as Exhibits B and C reflect that the area designated as section "17B" is within a portion of Travis Air Force as to which California ceded partial legislative jurisdiction to the United States when the United States acquired the property for the base.  As a result, legislative jurisdiction over the area designated as section "17B" rests with the United States, with the sole exception of state taxation and service of process.

9.    At all times throughout her employment by Defendant, Plaintiff worked in the area designated as section "17B" on the maps attached hereto as Exhibits B and C.

10.    At all times pertinent to the claims in this case, all members of the putative class alleged in Plaintiff's Complaint worked for Defendant in the area designated as section "17B" on the maps attached hereto as Exhibits B and C.

**D.    DIVERSITY OF CITIZENSHIP AND AMOUNT IN CONTROVERSY**

11.    At all times during her employment by Defendant, Plaintiff resided in the State of California; Defendant is informed and believe (based on the allegation in paragraph 6 of the Complaint) that Plaintiff resided in the State of California when this action was commenced; and Defendant is also informed and believe that Plaintiff was, at the time of commencing this action, and continues to be, a citizen of California.

12.    At the time this action was commenced in state court, Defendant NEW VIEW OKLAHOMA, INC. was, and it still is, a corporation organized under the laws of the State of

**APEX EMPLOYMENT LAW, LLP**
505 14th Street, Suite 900
Oakland, California 94612

Oklahoma and maintaining its principal place of business in the State of Oklahoma.  Defendant NEW VIEW OKLAHOMA, INC. is not a citizen of the State of California.  28 U.S.C. §1332 (c)(1).

13.     The defendants designated as DOES 1 through 50 are fictitious defendants, are not parties to this action, have not been named or served, and are to be disregarded for the purpose of this removal.  28 U.S.C. § 1441 (a).  *McCabe v. General Foods Corp.*, 811 F2d 1336, 1339 (9th Cir. 1987).

14.     In order to satisfy the $75,000 amount in controversy requirement, the removing party must demonstrate that the amount in controversy "more likely than not" exceeds $75,000.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

15.     The District Court may consider whether it is facially apparent from the Complaint that the jurisdictional amount is met.  *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Conrad Assoc. v. Hartford Accident & Indemnity Co.*, 1994 F. Supp. 1196, 1198 (N.D. Cal. 1998).

16.     Plaintiff asserts ten separate causes of action, and seeks to recover all of the following: alleged unpaid wages (including overtime, minimum wage, premium payments for alleged meal and rest periods that were allegedly not provided), reimbursement for expenses, interest, liquidated damages, statutory penalties, penalties for alleged wage statement violations, waiting time penalties equal to 30 days' wages, costs of suit, and statutory attorneys' fees.  It is apparent from the face of the Complaint that the $75,000 amount in controversy requirement is met. See *Luckett v. Delta Airlines, Inc.*, 171 F3d. 295, 298 (5th Cir. 1999); *Bosinger v. Phillips Plastics Corp.*, 57 F. Supp. 2d 986, 989 (S. D. Cal. 1999).  Given all of the elements of recovery sought by Plaintiff, including attorneys' fees, the amount in controversy exceeds the sum of $75,000 as to Plaintiff alone.

17.     Because Plaintiff's Complaint includes a claim under Business & Professions Code section 17200, her Complaint puts at issue a period going back 4 years prior to the filing of the Complaint.

18.     Plaintiff was a full-time employee who regularly worked 5 days each week. Her

APEX EMPLOYMENT LAW, LLP
505 14th Street, Suite 900
Oakland, California 94612

4

hourly wage rate was $21.

19.     By alleging that Defendant's policy as to meal and rest periods violated California law, Plaintiff has placed more than $43,000 in controversy on her meal and rest period claims alone. She alleges that she is entitled to 1 hour of pay ($21) for each day Defendant allegedly failed to comply with the California meal period requirement and an additional 1 hour of pay ($21) for each day Defendant allegedly failed to comply with the California rest period requirement, and she further claims that Defendant never complied with those requirements.  As such, she has placed in controversy the amount of $21,840 on her meal period claim and an additional $21,840 on her rest period claim ($21 x 5 days per week x 52 weeks per year x 4 years == $21,840).

20.     In addition, Plaintiff's claim for 30 days' waiting time penalties places in controversy an additional $5,040 ($21 per hour x 8 hours x 30 days = $5,040).   Plaintiff's employment ended more than 30 days before she filed the state court action.

21.     Plaintiff's claim that her wage statements did not comply with California law places in controversy an additional maximum amount of $4,000 under Labor Code section 226(e)(1).

22.     Defendant is informed and believes that Plaintiff's claims for recovery of prejudgment interest, costs, and attorneys' fees place in controversy a total amount well exceeding $25,000.  Therefore, when combined with the other amounts Plaintiff has placed in controversy by her Complaint, the amount in controversy exceeds the jurisdictional threshold and this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

**E.     NOTICE TO PLAINTIFF AND TO THE SUPERIOR COURT**

23.     As required by 28 U.S.C. § 1446(d) and affirmed in the attached Proof of Service, Defendant is providing a copy of this Notice of Removal to Plaintiff.

24.     As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Superior Court of the State of California in and for the County of Solano.

///

APEX EMPLOYMENT LAW, LLP
505 14th Street, Suite 900
Oakland, California 94612

**F.    DOCUMENTS RECEIVED BY DEFENDANT**

25.    A copy of the Complaint, summons, civil cover sheet, and Notice of Case Management Conference and Notice of Assignment of Judge that Defendant received by mail are attached hereto as Exhibit D.  Defendant has received no other process, pleadings or orders.

**G.    DEFENDANT'S ANSWER FILED IN STATE COURT**

26.    On August 24, 2022, before filing this Notice of Removal, Defendant filed an Answer in the Superior Court.  A copy of Defendant's Answer is attached hereto as Exhibit E.

Dated:  August 24, 2022                APEX EMPLOYMENT LAW, LLP


By:    _____*/s/ Michael E. Wilbur*_____
                MICHAEL E. WILBUR
                AFRICA E. DAVIDSON
                Attorneys for Defendant NewView Oklahoma, Inc.

APEX EMPLOYMENT LAW, LLP
505 14th Street, Suite 900
Oakland, California 94612

# EXHIBIT A

09-JUN-2022    CASE COVER SHEET                          STEWARD, SHENELL
02:40 PM

**Entry:**        *none.*


09-JUN-2022    SUMMONS ISSUED                            STEWARD, SHENELL
02:40 PM

**Entry:**        *none.*


09-JUN-2022    UNLIMITED COMPLAINT                       STEWARD, SHENELL
02:40 PM

**Entry:**        *none.*


09-JUN-2022    JURY DEPOSIT                              STEWARD, SHENELL
02:40 PM

**Entry:**        *none.*


11-JUL-2022    NOTICE OF CASE MANAGEMENT CONF
02:40 PM

**Entry:**        *none.*


11-JUL-2022    PAYMENT                                   STEWARD, SHENELL
02:49 PM

**Entry:**        A Payment of -$585.00 was made on receipt CMFF419793.


11-JUL-2022    COMPLEX FEE - PLAINTIFF                   STEWARD, SHENELL
03:02 PM

**Entry:**        dh


11-JUL-2022    PAYMENT                                   STEWARD, SHENELL
03:03 PM

**Entry:**        A Payment of -$1,000.00 was made on receipt CMFF419800.


13-JUL-2022    CLERK'S APPL TO VACATE & ORDER
08:19 AM

**Entry:**  DOCUMENT: COMPLEX CASE DETERMINATION - DETERMINED TO BE COMPLEX DATE FILED: 7/13/2022 DH

13-JUL-2022  CASE DESIGNATED COMPLEX
08:19 AM

**Entry:**  DH

18-JUL-2022  PROOF OF SERVICE                STEWARD, SHENELL
04:49 PM

**Entry:**  NAME: NEWVIEW OKLAHOMA, INC., AN OKLAHOMA CORPORATION DOCUMENT SERVED: SUMMONS, CIVIL CASE COVER SHEET, NOTICE OF CASE MANAGEMENT CONFERENCE ONE AND NOTICE OF ASSIGNMENT OF JUDGE FOR ALL PURPOSES, COMPLAINT DATE OF SERVICE: 7/25/2022 MANNER OF SERVICE: SUB SERVED ON 7/14/2022 AND MAILED ON 7/15/2022 S.M.

18-JUL-2022  PROOF OF SERVICE BY MAIL          STEWARD, SHENELL
04:51 PM

**Entry:**  S.M.

# EXHIBIT B



*STAFF USE ONLY*

*DRAFT*

EXCLUSIVE FEDERAL
JURISDICTIONAL BOUNDARIES

SECTION LINES PLOTTED PER GCDB

CALIFORNIA STATE
LANDS COMMISSION

COMPILATION PLAT
TRAVIS AFB - JURISDICTIONAL
SOLANO                    COUNTY

| DRAWING FILE: | DRAWING_NAME.DWG | | SHEET |
|---|---|---|---|
| DRAWN BY: | MJF | FILE NO.: | **1** |
| CHECKED BY: | SCL | | |
| DATE: | 1/24/13 | SCALE: | 1"=1000' | 1 OF 1 |

1) SECTION LINES ARE BASED ON ALTERNATE SURVEY
INFORMATION PER GCDB INFORMATION VIA BLM AND ARE
NOT BASED ON A BLM SURVEY, WITH ACCURACY UNKNOWN.

2) JURISDICTIONAL LINES ARE DIGITIZED FROM TRAVIS AFB
REAL ESTATE MAP (FB 313) DATED FEB 1953 AND ARE
APPROXIMATE ONLY.

3) BACKGROUND AERIAL IS AN ORTHORECTIFIED IMAGE PER
USGS WEBSITE, NAIP IMAGERY DATED 2010.

4) THIS PLAT HAS NOT BEEN APPROVED BY THE STATE
LANDS COMMISSION, AND DOES NOT CONSTITUTE AN
OFFICIAL PLAT OF SUCH COMMISSION, NOR DOES IT
ESTABLISH THE BOUNDARY LINES OF ANY STATE OWNED
LANDS DEPICTED THEREON. THIS PLAT CONSTITUTES A
PRELIMINARY PLAT ONLY AND IS SUBJECT TO CHANGE.

# EXHIBIT C



# EXHIBIT D

SUM-100

## SUMMONS
### *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
NewView Oklahoma, Inc., an Oklahoma corporation; and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Shenell Steward, individually and on behalf of others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número de caso):* FCS058441 |
|---|---|

Solano County Superior Court; Old Solano Courthouse
580 Texas Street
Fairfield, California 94533

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Zack I. Domb, Esq. (SBN 265185) Devin Rauchwerger, Esq. (SBN 274234)
DOMB & RAUCHWERGER LLP
1055 E. Colorado Blvd., Fifth Floor, Pasadena, California (213)537-9225

| DATE: June 8, 2022 *(Fecha)* JUN 09 2022 | Clerk, by *(Secretario)* D. HERTZ | Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* NewView Oklahoma, Inc., an Oklahoma corporation
   under   ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

American LegalNet, Inc.
www.FormsWorkflow.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Zack I. Domb, Esq. SBN (285185); Devin Rauchwerger (SBN 276234)<br>DOMB & RAUCHWERGER LLP<br>1055 E. Colorado Blvd., Fifth Floor, Pasadena, California 91106 | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.: (213) 537-9225   FAX NO. *(Optional)*:
E-MAIL ADDRESS: zack@dombrauchwerger.com
ATTORNEY FOR *(Name)*: Plaintiff Shenell Steward

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SOLANO**
STREET ADDRESS: 580 Texas Street
MAILING ADDRESS: 580 Texas Street
CITY AND ZIP CODE: Fairfield, California 94533
BRANCH NAME: Old Solano Courthouse

FILED/ENDORSED
Clerk of the Superior Court

JUN 0 9 2022

By_____
    D. HERTZ
    DEPUTY CLERK

CASE NAME:
Shenell Steward v. NewView Oklahoma, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER<br>FCS058441 |
|---|---|---|---|---|
| ☒ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☒ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☒ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☒ Large number of witnesses
   b. ☒ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more
      issues that will be time-consuming to resolve          courts in other counties, states, or countries, or in a federal
   c. ☒ Substantial amount of documentary evidence            court
                                                          f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☒ monetary b. ☒ nonmonetary; declaratory or injunctive relief c. ☐ punitive
4. Number of causes of action *(specify)*: Ten (10);9 Violations of CA Labor Code; 1 UCL Claim
5. This case ☒ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: June 8, 2022

Zack I. Domb, Esq.
_____                           ►  _____
(TYPE OR PRINT NAME)                                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code) (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

American LegalNet, Inc.
www.FormsWorkFlow.com

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition



# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SOLANO

### CIVIL DIVISION

☑ OLD SOLANO COURTHOUSE
580 Texas Street
Fairfield, CA 94533
(707) 207-7330

☐ HALL OF JUSTICE
600 Union Avenue
Fairfield, CA 94533
(707) 207-7330

---

Plaintiff(s):    SHENELL STEWARD, individually and on behalf
of others similarly situated

Case No.  FCS058441

**NOTICE OF CASE MANAGEMENT
CONFERENCE ONE
AND
NOTICE OF ASSIGNMENT OF
JUDGE FOR ALL PURPOSES**

Defendant(s): NewView Oklahoma, inc., an Oklahoma
corporation; and Does 1 through 50 inclusive

---

PURSUANT TO LOCAL RULES AND BY ORDER OF THIS COURT, THIS MATTER HAS BEEN
CALENDARED FOR CASE MANAGEMENT CONFERENCE ONE:

Date:  10/11/2022                          Time:  9:00 a.m.

THIS MATTER HAS BEEN ASSIGNED FOR ALL PURPOSES TO:
Judge Stephen Gizzi, Department 3

ALL HEARINGS WILL BE HELD AT:  580 Texas Street, Fairfield, California 94533

---

The obligations of counsel, or any party not represented by an attorney, in regard to Case Management
Conference One and any Case Management Conference Two set by the court are as follows:

1.    Service of the complaint must be within sixty (60) calendar days of the date of filing.

2.    Service and filing of any responsive pleadings must be within thirty (30) days after service of the
complaint. The time for filing responsive pleadings may not be extended except as authorized by law.
Appearance at the Case Management Conference does not excuse a litigant from the requirement of filing and
serving a responsive pleading within this deadline.

3.    Plaintiff shall serve a copy of this *Notice of Case Management Conference One and Notice of Assignment
of Judge for All Purposes* ("Notice of CMC One") on all defendants with the complaint.

4.    Any party serving a cross-complaint shall serve a copy of this *Notice of CMC One* on each cross-
defendant with the cross-complaint.

5.    Any cross-complaint served after Case Management Conference One has been held shall have a *Notice
of Case Management Conference Two* served with it

6.    At least thirty days before the date set for Case Management Conference One, all counsel and self-
represented parties shall comply with the meet and confer obligations of California Rules of Court, rule 3.724

7.    A *Case Management Statement* (Judicial Council form CM-110) shall be filed with the court and served on
all parties by each counsel by the 15th calendar day before the date set for Case Management Conference
One

8.    At least one party demanding a jury on each side of a civil case must pay a nonrefundable fee of $150.00
on or before the initial case management conference or as otherwise provided by statute.

---

9.    At Case Management Conference One the court shall inform counsel and self-represented parties of the date, time and place for Case Management Conference Two and shall make any orders regarding what is expected that counsel and self-represented parties will accomplish in regard to the case before the filing of the Case Management Statement for Case Management Conference Two.

10.    Each counsel shall complete, file, and serve on all parties a completed Case Management Statement by the 15th calendar day before the date set for Case Management Conference Two.

11.    At any Case Management Conference, counsel shall be completely aware of all procedural, factual, and legal aspects of the case, and have full authority to discuss and resolve any issues that arise at the conference, including settlement of the case. This applies equally to both attorneys of record and specially-appearing counsel.

12.    The court may impose sanctions pursuant to Solano County Local Rules, rule 4.6, in the event that a Case Management Statement is not timely filed and/or served, or is not fully completed, or the requirements of Rule 4.6 are not met.

> COUNSEL AND SELF-REPRESENTED PARTIES ARE OBLIGATED TO REVIEW AND COMPLY WITH LOCAL AND STATEWIDE RULES REGARDING CIVIL LITIGATION. They are available at:
> *http://www.courts.ca.gov/rules.htm*
> *http://www.solano.courts.ca.gov/LocalRulesofCourt.html*

## AFFIDAVIT OF SERVICE

I, the undersigned, declare under penalty of perjury that I am employed as a deputy clerk of the above-entitled court and not a party to the within-entitled action, and that I served this notice as follows:

☐    I personally served the person named below on *(date)* _____ at (time) _____

Name: _____

    ☐ Party       ☐ Attorney of Record       ☐ Representative

> I, _____, acknowledge receipt of a copy of this *Notice of Case Management Conference One and Notice of Assignment of Judge for All Purposes.*
>
> Date: _____       _____
>                                Signature

☑    I caused to be placed a true copy of this notice in an envelope which was then sealed and postage fully prepaid on the date shown below; that I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service, that the above stated document will be deposited in the Superior Court of California, County of Solano's outgoing mailbox for collection by county mail carriers on the date indicated. Said envelope was addressed to the attorneys for the parties, or the parties as shown below:

ZACK I. DOMB
DOMB & RAUCHWERGER LLP
1055 EAST COLORADO BLVD. FIFTH FLR.
PASADENA, CA 91106

☐ See attached for additional service addresses

Date  7/11/2022                   Clerk of the Court
                                  Superior Court of California, County of Solano
                                          D. HERTZ
                                  By _____
                                          Deputy Clerk

NOTICE OF CMC ONE AND NOTICE OF ASSIGNMENT OF JUDGE

DS00-CV  REV. 01-01-2020                                          Page 2 of 2

ZACK I. DOMB, SBN 265185
E-Mail zack@dombrauchwerger.com
DEVIN RAUCHWERGER, SBN 274234
E-Mail devin@dombrauchwerger.com
DOMB & RAUCHWERGER LLP
1055 East Colorado Blvd., Fifth Floor
Pasadena, California 91106
Telephone: (213) 537-9225

Attorneys for Plaintiff
Shenell Steward

**FILED/ENDORSED**
Clerk of the Superior Court

JUN 0 9 2022

By ___ D. HERTZ
DEPUTY CLERK

ASSIGNED TO
JUDGE STEPHEN GIZZI
FOR ALL PURPOSES

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SOLANO

| | |
|---|---|
| Shenell Steward, individually and on behalf of others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> NewView Oklahoma, Inc., an Oklahoma corporation; and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No.: **FCS058441** <br><br> **CLASS ACTION COMPLAINT** <br><br> **DEMAND FOR TRIAL BY JURY** <br><br> (1) Violation of Cal. Labor Code §§ 510, 1194, and 1198 (Unpaid Overtime) <br> (2) Violation of Cal. Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums) <br> (3) Violation of Cal. Labor Code § 226.7 (Unpaid Rest Period Premiums) <br> (4) Violation of Cal. Labor Code §§ 1194, 1197 and 1197.1 (Unpaid Minimum Wages) <br> (5) Violation of Cal. Labor Code §§ 201, 202, 203, and 227.3 (Final Wages Not Timely Paid) <br> (6) Violation of Labor Code §§ 204, 227.3, and 210 (Wages Not Timely Paid During Employment) <br> (7) Violation of Cal. Labor Code § 226(a) (Failure to Provide Accurate Wage Statements) <br> (8) Violation of Cal. Labor Code §§ 2800 and 2802 (Failure to Reimburse Necessary Business Expenses) <br> (9) Violation of Cal. Labor Code § 246 (Failure to Pay Sick Pay at Regular Rate) <br> (10) Violation of Cal. Business & Professions Code § 17200, et seq. |

1    Plaintiff Shenell Steward ("Plaintiff"), individually and on behalf of other members of the

2   general public similarly situated, based upon facts that either have evidentiary support or are

3   likely to have evidentiary support after a reasonable opportunity for further investigation and

4   discovery, alleges as follows:

5                          **JURISDICTION AND VENUE**

6    1.      Plaintiff brings this action against Defendant NewView Oklahoma, Inc. and DOES

7   1 THROUGH 50 (hereinafter also collectively referred to as "Defendant") for California Labor

8   Code violations, unfair business practices, and civil penalties stemming from Defendants' failure

9   to pay overtime compensation, failure to provide meal periods, failure to authorize and permit

10   rest periods, failure to pay minimum wage, failure to timely pay wages, failure to provide accurate

11   wage statements, failure to maintain accurate time and payroll records, failure to pay sick pay at

12   the regular rate of pay, and failure to reimburse necessary business-related expenses. In addition,

13   this is a class action lawsuit seeking unpaid wages and interest thereon for unpaid wages for all

14   hours worked at minimum wage and overtime worked at the overtime rate of pay due to

15   defendant's policy, practice, and/or procedure of rounding down or shaving down employees'

16   daily hours worked.

17    2.      Plaintiff's First through Tenth Causes of Action are brought as a class action on

18   behalf of herself and similarly situated current and former employees of Defendants (hereinafter

19   collectively referred to as the "Class" or "Class Members," as defined more fully in paragraph

20   12, below) pursuant to California Code of Civil Procedure section 382. The monetary damages

21   and restitution sought by Plaintiff exceeds the minimal jurisdiction limits of the Superior Court

22   and will be established according to proof at trial.

23    3.      The Court has jurisdiction over this action pursuant to the California Constitution,

24   Article VI, Section 10, which grants the superior court "original jurisdiction in all other causes"

25   except those given by statute to other courts. The statutes under which this action is brought do

26   not specify any other basis for jurisdiction.

27    4.      This Court has jurisdiction over Defendants because, upon information and belief,

28

1  Defendants are citizens of California, have sufficient minimum contacts in California, or
2  otherwise intentionally avail themselves of the California market so as to render the exercise of
3  jurisdiction over them by the California courts consistent with traditional notions of fair play and
4  substantial justice.

5      5.      Venue is proper in this Court because, upon information and belief, Defendants
6  maintain offices, have agents, and/or transact business in the State of California, County of
7  Solano.

8                                **PARTIES**

9      6.      Plaintiff Shenell Steward is an individual residing in the State of California.

10     7.      Defendant NewView Oklahoma, Inc., is and at all times herein mentioned was, a
11 corporation organized and existing under the laws of the State of Oklahoma, and does business
12 in the state of California in Solano County.  None of the Class Members individuals claims, as
13 brought under this lawsuit, are believed to exceed $75,000.

14     8.      Plaintiff is ignorant of the identities of defendants Does 1 through 50, inclusive,
15 and therefore sues these defendants by such fictitious names. The Doe defendants may be
16 individuals, partnerships, or corporations. Plaintiff is informed and believes, and thereon alleges,
17 that, at all times mentioned herein, each of the Doe defendants was the parent, subsidiary, agent,
18 servant, employee, co-venturer, and/or co-conspirator of each of the other defendants, and was at
19 all times mentioned acting within the scope, purpose, consent, knowledge, ratification and
20 authorization of such agency, employment, joint venture and conspiracy. Plaintiff will amend this
21 Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and
22 believes and thereon alleges that each of the fictitiously named Doe defendants is responsible in
23 some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged
24 were proximately caused by its conduct. NewView Oklahoma, Inc. and Doe Defendants 1 through
25 50 are collectively referred to herein as "Defendant."

26     9.      Defendant was and at all times herein mentioned were, (a) conducting business in
27 the County of Solano, State of California, and (b) the employer of Plaintiff consistent with the

28

CLASS ACTION COMPLAINT - Page 2

1  California Labor Code and Industrial Welfare Commission Wage Orders ("Wage Orders").

2       10.    Plaintiff further alleges that Defendant, directly or indirectly controlled or affected

3  the working conditions, wages, working hours, and conditions of employment of Plaintiff and the

4  Class so as to make each of said Defendant employers and employers jointly liable under the

5  statutory provisions set forth herein.

6                           **CLASS ACTION ALLEGATIONS**

7       11.    Plaintiff brings the First through Tenth Causes of Action as a class action on her

8  own behalf and on behalf of all other members of the general public similarly situated, and, thus,

9  seeks class certification under Code of Civil Procedure section 382.

10      12.    The proposed class is defined as follows: All current and former non-exempt

11 employees of any of Defendant within the State of California at any time commencing four (4)

12 years preceding the filing of Plaintiff's complaint up until the time that notice of the certified class

13 action is provided to the class (hereinafter referred to as the "Class" or "Class Members.").

14      13.    Plaintiff reserves the right to establish other subclasses as appropriate.

15      14.    The Class is ascertainable and there is a well-defined community of interest in the

16 litigation:

17           a.  Numerosity: The Class Members are so numerous that joinder of all Class

18               Members is impracticable. The membership of the entire Class is unknown to

19               Plaintiff at this time; however, the Class is estimated to be over fifty (50)

20               individuals and the identity of such membership is readily ascertainable by

21               inspection of Defendant's employment records.

22           b.  Typicality: Plaintiff's claims are typical of all other Class Members demonstrated

23               herein. Plaintiff will fairly and adequately protect the interests of the other Class

24               Members with whom she has a well-defined community of interest.

25           c.  Adequacy: Plaintiff will fairly and adequately protect the interests of each Class

26               Member, with whom she has a well-defined community of interest and typicality

27               of claims, as demonstrated herein. Plaintiff has no interest that is antagonistic to

28

the other Class Members. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees, that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

    d.   Superiority: A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all Class Members is impractical.

    e.   Public Policy Considerations: Certification of this lawsuit as a class action will advance public policy objectives. Employers of this great state violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. However, class actions provide the Class Members who are not named in the complaint anonymity that allows for the vindication of their rights.

15.   There are common questions of law and fact as to the Class that predominate over questions affecting only individual members. The following common questions of law or fact, among others, exist as to the members of the Class:

    a.   Whether Defendant's failure to pay wages, without abatement, or reduction, in accordance with the California Labor Code was willful;

    b.   Whether Defendant had a corporate policy and practice of failing to pay Plaintiff and the other Class Members for all hours worked, and missed, short, late or interrupted meal periods and rest breaks in violation of California law;

    c.   Whether Defendant required Plaintiff and the other Class Members to work more than eight (8) hours per day and/or more than forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiff and the other Class Members;

d. Whether Defendant deprived Plaintiff and the other Class Members of meal and/or rest periods or required Plaintiff and the other Class Members to work during meal and/or rest periods without compensation;

e. Whether Defendant failed to pay meal period premium wages to Class Members when they were not provided with a legally compliant meal period;

f. Whether Defendant failed to pay rest period premium wages to Class Members when they were not authorized and permitted to take legally compliant rest periods;

g. Whether Defendant failed to pay minimum wages to Plaintiff and the other Class Members for all hours worked;

h. Whether Defendant failed to pay Plaintiff and the other Class Members the required minimum wage pursuant to California law;

i. Whether Defendant failed to pay Plaintiff and the other Class Members proper overtime compensation pursuant to California law;

j. Whether Defendant failed to pay all wages due to Plaintiff and the other Class Members within the time required upon their discharge or resignation from employment;

k. Whether Defendant failed to reimburse Plaintiff and the other Class Members for all necessary business-related expenses and costs in violation of California Labor Code section 2802;

l. Whether Defendant failed to pay sick time at the regular rate of pay;

m. Whether Defendant failed to timely pay all wages due to Plaintiff and the other Class Members during their employment;

n. Whether Defendant complied with wage reporting as required by the California Labor Code, including section 226;

o. Whether Defendant's conduct was with malice, fraud or oppression;

p. Whether Defendant's conduct was willful or reckless;

q.  Whether Defendant engaged in unfair business practices in violation of California Business & Professions Code section 17200, *et seq.* based on their improper withholding of compensation and deduction of wages;

r.  The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendant's violation of California law; and

s.  Whether Plaintiff and the other Class Members are entitled to compensatory damages pursuant to the California Labor Code.

## GENERAL ALLEGATIONS

16.  Defendant is an employer that operated a call center in Solano County. Plaintiff was employed by Defendant as a switchboard operator. Plaintiff worked for Defendant from approximately October 11, 2011 to July 20, 2021.

17.  At all relevant times set forth herein, Defendant employed Plaintiff and the Class as hourly-paid or non-exempt employees.

18.  Throughout the time period involved in this case, Defendant had the authority to hire and terminate Plaintiff and the Class; to directly or indirectly control work rules, working conditions, wages, working hours, and conditions of employment of Plaintiff and the Class; and to hire and terminate the employment of Plaintiff and the Class.

19.  At all times herein mentioned, Defendant was subject to the Labor Code of the State of California and the applicable Industrial Welfare Commission Orders.

20.  Plaintiff is informed and believes, and thereon alleges that Defendant engaged in an ongoing and systematic scheme of wage abuse against their hourly-paid or non-exempt employees. As set forth in more detail below, this scheme involved, *inter alia*, regularly requiring Plaintiff and the Class to work off the clock without compensation, thereby failing to pay them for all hours worked, including minimum and overtime wages. Defendant also implemented policies that prohibited Plaintiff and the Class from accurately recording the actual time worked, resulting in a failure to pay Plaintiff and the Class all wages owed. In addition, Defendant routinely failed to permit Plaintiff and the Class to take timely and duty-free meal periods and

rest periods in violation of California law. Defendant also failed to reimburse Plaintiff and the Class for all necessary business-related expenses, and failed to pay Plaintiff and the Class their accrued sick pay at the regular rate of pay.

21.    Plaintiff and similarly situated employees worked more minutes per shift than Defendant credited them with having worked. Defendant "rounded" down or "shaved" Plaintiff's and similarly situated employees' total daily hours worked at the time of their clock-in and clock-out to the nearest quarter of an hour, to the benefit of Defendant, in policy and/or practice. Plaintiff and similarly situated employees were not paid for this time. Despite the fact that California law requires employers to pay employees for all hours worked at least at a minimum wage rate, Defendant rounded down or shaved down Plaintiff's and similarly situated employees' daily hours worked, Defendant suffered, permitted, and required its hourly employees to be subject to Defendant's control without paying wages for that time. This resulted in Plaintiff and similarly situated employees working time for which they were not compensated any wages, in violation of California Labor Code sections 1194, 1197, and the Wage Orders. Despite the fact that Defendant rounded time, it maintained a policy and practice that forced Plaintiff and the Class to be under the control of Defendant even if they were off the clock. Defendant's policy stated employees were only to work during scheduled shift hours and if they arrived early, Plaintiff and the Class were required to "wait in the break room or in an approved designated area by your supervisor until seven (7) minutes prior to your shift." In other words, Plaintiff and the Class would be off the clock but were not free to do as they please as Defendant would force them to stay in one area and not move to any other location. In addition, Defendant had a policy that allowed the company to discipline or terminate Plaintiff and the Class for being late, thus prohibiting them from being late and making their rounding policy not neutral and not allowing for a "grace period."

22.    Throughout the time period involved in this case, Defendant maintained a Paid Time Off ("PTO") policy that was unlawful and contrary to California law. Defendant's PTO policy allowed Plaintiff and the Class to accrue a variable number of PTO hours per pay period

1  without a maximum cap on the number of hours each employee accrues, however "employees
2  may not carry over into the next calendar year PTO in excess of 200 Hours or 25 Days or 5 Weeks
3  to the next calendar year," meaning that any such excess PTO that has been accrued is forfeited
4  if not used by that time. This policy is in violation of Labor Code sections 203 and 227.3, which
5  state that "whenever a contract of employment or employer policy provides for paid vacations,
6  and an employee is terminated without having taken off his vested vacation time, all vested
7  vacation shall be paid to him as wages at his final rate..."

8      23.    Throughout the time period involved in this case, Defendant implemented policies
9  and/or practices which failed to provide Plaintiff and the Class with timely and duty-free meal
10  periods. Defendant routinely failed to relieve Plaintiff and the Class of all duties during their meal
11  periods, regularly failed to relinquish control over Plaintiff and the Class during their meal
12  periods, regularly failed to permit Plaintiff and the Class a reasonable opportunity to take their
13  meal periods, and regularly impeded or discouraged Plaintiff and the Class from taking thirty (30)
14  minute uninterrupted meal breaks no later than the end of their fifth hour of work and/or from
15  taking a second thirty (30) minute uninterrupted meal break no later than their tenth hour of work
16  for shifts lasting more than ten (10) hours. Defendant also failed to maintain accurate records of
17  meal periods taken by Plaintiff and the Class.

18      24.    Throughout the time period involved in this case, Defendant had a policy and
19  practice of prohibiting its employees from leaving the building in which they work while they
20  were working, including during breaks. Specifically, the policy stated "Leaving the building for
21  personal business during scheduled working time requires the employee to clock out. Failure to
22  do so will result in loss of pay for those hours not worked and disciplinary action up to and
23  including termination from employment." This policy violates the California Labor Code, as
24  made clear in the *Augustus v. ABM Security Services, Inc.* (2016) 2 Cal.5th 257 case, which states
25  "[d]uring required rest periods, employers must relieve their employees of all duties and
26  relinquish any control over how employees spend their break time."

27      25.    Throughout the time period involved in this case, Defendant did not adequately
28

1   inform Plaintiff and the Class of their right to take meal periods under California law. Moreover,
2   Defendant systematically disregarded their own written policies regarding the provision and
3   timing of meal periods for Plaintiff and the Class. Instead, Defendant's actual policy and practice
4   was to schedule Plaintiff and the Class in a way that prohibited them from taking timely and duty-
5   free meal periods, and to require Plaintiff and the Class to work through their meal periods, for
6   which they were not compensated.

7       26.     Throughout the time period involved in this case, Defendant failed to pay Plaintiff
8   and the Class premium wages for meal periods that were missed, late, interrupted, or shortened
9   in violation of California law. Defendant knew or should have known that Plaintiff and the Class
10  were entitled to receive all meal periods or payment of one additional hour of pay at their regular
11  rate of pay when a meal period was missed, short, late, and/or interrupted. Notwithstanding this
12  knowledge, Defendant routinely failed to provide legally compliant meal periods to Plaintiff and
13  the Class, and routinely failed to pay one additional hour of pay to Plaintiff and the Class at their
14  regular rate of pay when a meal period was missed, short, late, and/or interrupted.

15      27.     Throughout the time period involved in this case, Defendant have implemented
16  policies and practices which prohibited Plaintiff and the Class from taking timely and duty-free
17  rest periods. Defendant regularly failed to provide, authorize, and permit Plaintiff and the Class
18  to take full, uninterrupted, off-duty rest periods for every shift lasting three and one-half (3.5) to
19  six (6) hours and/or two full, uninterrupted, off-duty rest periods for every shift lasting six (6) to
20  ten (10) hours, and failed to make a good faith effort to authorize, permit, and provide such rest
21  breaks in the middle of each work period.

22      28.     Throughout the time period involved in this case, Defendant did not adequately
23  inform Plaintiff and the Class of their right to take rest periods under California law. Moreover,
24  Defendant systematically disregarded their own written policies regarding the provision and
25  timing of rest periods for Plaintiff and the Class. Instead, Defendant's actual policy and practice
26  was to schedule Plaintiff and the Class in a way that regularly prohibited them from taking timely
27  and duty free rest periods, and to regularly require Plaintiff and the Class to work through their
28

1   rest periods.

2      29.    Throughout the time period involved in this case, Defendant failed to pay Plaintiff

3   and the Class premium wages for rest periods that were missed, late, interrupted, or shortened in

4   violation of California law. Defendant knew or should have known that Plaintiff and the Class

5   were entitled to receive all rest periods or payment of one additional hour of pay at their regular

6   rate of pay when a rest period was missed, short, late, and/or interrupted. Notwithstanding this

7   knowledge, Defendant routinely failed to authorize and permit Plaintiff and the Class to take duty-

8   free rest periods, and failed to pay one additional hour of pay to Plaintiff and the Class at their

9   regular rate of pay when a rest period was missed, short, late and/or interrupted.

10      30.    Throughout the time period involved in this case, Defendant implemented policies

11   that prohibited Plaintiff and the Class from accurately recording the actual time worked, resulting

12   in a failure to pay Plaintiff and the Class all wages owed.

13      31.    Throughout the time period involved in this case, Defendant routinely required

14   Plaintiff and the Class to undergo Covid-19 temperature checks prior to clocking in for their shift.

15   Defendant did not compensate Plaintiff and the Class for time spent spend undergoing these Covid-

16   19 temperature checks.

17      32.    Throughout the time period involved in this case, Plaintiff and the Class worked

18   more than eight (8) hours in a day, and/or forty (40) hours in a week.

19      33.    Throughout the time period involved in this case, Defendant had a policy and

20   practice that violated California Labor Code as it pertains to overtime. Specifically, the policy

21   stated that "[o]vertime for full-time and part-time non-exempt employees begins after you have

22   worked forty (40) hours during the workweek." However, California law requires overtime pay

23   for employees who work over forty hours in a workweek *or* eight hours in a workday.

24   Accordingly, this policy failed to pay overtime for all hours worked over eight hours in a workday,

25   and thereby violated California law.

26      34.    Throughout the time period involved in this case, Defendant regularly failed to

27   pay all overtime compensation owed to Plaintiff and the Class when they worked in excess of

28

CLASS ACTION COMPLAINT - Page 10

1   eight (8) hours in a single work day and/or forty (40) hours in a single work week, or in excess of

2   twelve (12) hours in a single work day and/or eighty (80) hours in a single work week. Defendant

3   knew or should have known that Plaintiff and the Class were entitled to receive certain wages for

4   overtime compensation and that they were not receiving wages for overtime compensation.

5       35.    Throughout the time period involved in this case, Defendant failed to pay overtime

6   to Plaintiff and the Class for all overtime hours worked based on regular rates of pay correctly

7   calculated to include all applicable remuneration.

8       36.    Throughout the time period involved in this case, Defendant regularly failed to

9   pay Plaintiff and the Class at least minimum wages for all hours worked. Defendant knew or

10  should have known that Plaintiff and the Class were entitled to receive at least minimum wages

11  for all hours worked and that they were not receiving at least minimum wages for all hours

12  worked. Defendant's failure to pay minimum wages included, *inter alia*, failing to pay Plaintiff

13  and the Class at the required minimum wage pursuant to California law, requiring Plaintiff and

14  the Class to perform work off the clock and undergo Covid-19 temperature checks prior to

15  clocking in for their shift.

16      37.    Throughout the time period involved in this case, Defendant regularly failed to

17  pay Plaintiff and the Class all wages owed to them upon discharge or resignation. Defendant knew

18  or should have known that Plaintiff and the Class were entitled to receive all wages owed to them

19  upon termination within the time permissible under California Labor Code section 202. Plaintiff

20  and the Class did not receive payment of all final wages owed to them upon discharge or

21  resignation, including overtime compensation and minimum wages within any time permissible

22  under California Labor Code section 202.

23      38.    Throughout the time period involved in this case, Defendant regularly failed to

24  pay Plaintiff and the Class all wages within any time permissible under California law, including,

25  *inter alia*, California Labor Code section 204. Defendant knew or should have known that

26  Plaintiff and the Class were entitled to receive all wages owed to them during their employment.

27  Plaintiff and the Class did not receive payment of all wages, including overtime compensation,

28

1  minimum wages, and meal and rest period premiums.

2       39.    Throughout the time period involved in this case, Defendant regularly failed to
3  provide complete or accurate wage statements to Plaintiff and the Class. Defendant knew or
4  should have known that Plaintiff and the Class were entitled to receive complete and accurate
5  wage statements in accordance with California law, but, in fact, they did not receive complete and
6  accurate wage statements from Defendant. The deficiencies included, *inter alia*, the failure to
7  include the total number of hours worked, the actual gross wages earned, the correct rates of pay,
8  and the address of the legal entity of the employer.

9       40.    Throughout the time period involved in this case, Defendant regularly failed to
10 keep complete or accurate payroll records for Plaintiff and the Class. Defendant knew or should
11 have known that Defendant was required to keep complete and accurate payroll records for
12 Plaintiff and the Class in accordance with California law, but, in fact, did not keep complete and
13 accurate payroll records.

14      41.    Throughout the time period involved in this case, Defendant regularly failed to
15 maintain accurate records relating to Plaintiff's and the Class's work periods, meal periods, total
16 daily hours, hours per pay period, and applicable pay rates.

17      42.    Throughout the time period involved in this case, Defendant failed to reimburse
18 Plaintiff and the Class for all necessary business-related expenses. Defendant knew or should
19 have known that Defendant was required to reimburse Plaintiff and the Class for all necessary
20 business-related expenses and costs, but, in fact, failed to do so in violation of California law.

21      43.    Throughout the time period involved in this case, Defendant knew or should have
22 known that they had a duty to compensate Plaintiff and the Class pursuant to California law.
23 Defendant had the financial ability to pay such compensation, but willfully, knowingly, and
24 intentionally failed to do so, and falsely represented to Plaintiff and the Class that they paid all
25 wages owed to them, all in order to increase Defendant's profits.

26      44.    California Labor Code section 218 states that nothing in Article 1 of the Labor
27 Code shall limit the right of any wage claimant to "sue directly ... for any wages or penalty due

28

1  to him [or her] under this article."

2  **FIRST CAUSE OF ACTION**

3  **(Violation of California Labor Code §§ 510, 1194, and 1198)**

4  **(Against All Defendants)**

5  45.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and

6  every allegation set forth above.

7  46.    California Labor Code section 1198 and the applicable Industrial Welfare

8  Commission ("IWC") Wage Order provide that it is unlawful to employ persons without

9  compensating them at a rate of pay either time-and-one-half or two-times that person's regular

10 rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

11 47.    Specifically, the applicable IWC Wage Order provides that Defendant is and was

12 required to pay Plaintiff and the other Class Members employed by Defendant, and working more

13 than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-

14 one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours

15 in a workweek.

16 48.    The applicable IWC Wage Order further provides that Defendant is and was

17 required to pay Plaintiff and the Class overtime compensation at a rate of two times their regular

18 rate of pay for all hours worked in excess of twelve (12) hours in a day and for all hours worked

19 in excess of eight (8) hours on the seventh day of work in a workweek.

20 49.    California Labor Code section 510 codifies the right to overtime compensation at

21 one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a

22 day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of

23 work, and no overtime compensation at twice the regular hourly rate for hours worked in excess

24 of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

25 50.    During the relevant time period, Plaintiff and the other Class Members regularly

26 worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week.

27 51.    Plaintiff and similarly situated employees worked more minutes per shift than

28

1  Defendants credited them with having worked.

2      52.    Defendants "rounded" down or "shaved" Plaintiff and similarly situated
3  employees' total daily hours worked to the nearest quarter of an hour at the clock-in and clock-
4  out times, to the benefit of Defendants without Plaintiff and similarly situated employees being
5  paid wages for this time. Plaintiff and other similarly situated employees were not paid for this
6  time. The foregoing resulted in time during each workday which Plaintiff and similarly situated
7  employees were under control of Defendants, but were not compensated at their overtime rate of
8  pay when they worked more than eight hours in a day or 40 hours in a week, in violation of Labor
9  Code sections 510, 1194, and 1198.

10      53.    Defendants maintained a written policy that failed to take into account daily
11  overtime.

12      54.    During the relevant time period, Defendant intentionally and willfully failed to pay
13  overtime wages owed to Plaintiff and the other Class Members.

14      55.    Defendant's failure to pay Plaintiff and the other Class Members the unpaid
15  balance of overtime compensation, as required by California laws, violates the provisions of
16  California Labor Code sections 510 and 1198, and is therefore unlawful.

17      56.    Pursuant to California Labor Code section 1194, Plaintiff and the other Class
18  Members are entitled to recover unpaid overtime compensation, as well as interest, costs, and
19  attorneys' fees.

20                          **SECOND CAUSE OF ACTION**

21                **(Violation of California Labor Code §§ 226.7 and 512(a))**

22                         **(Against All Defendants)**

23      57.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and
24  every allegation set forth above.

25      58.    At all relevant times, the relevant IWC Order and California Labor Code sections
26  226.7 and 512(a) were applicable to Plaintiff and the other Class Members' employment by
27  Defendant.

28

59.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

60.     At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

61.     At all relevant times, California Labor Code section 512(a) further provides that an employer may not require, cause or permit an employee to work for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

62.     During the relevant time period, Plaintiff and the other Class Members who were scheduled to work for a period of time longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes.

63.     During the relevant time period, Plaintiff and the other Class Members who were scheduled to work for a period of time in excess of ten (10) hours were required to work for periods longer than ten (10) hours without a second uninterrupted meal period of not less than thirty (30) minutes.

64.     During the relevant time period, Defendants "rounded" down or "shaved" Plaintiff and similarly situated employees' total number of hours (or fraction thereof) in which they took lunch. This policy of rounding meal periods made it such that Plaintiff and other similarly situated employees were not provided with legally compliant meal breaks and were not paid meal period

1    premiums for any meal breaks that were less than thirty (30) minutes in duration.

2        65.    During the relevant time period, Defendant intentionally and willfully required

3    Plaintiff and the other Class Members to miss their meal periods and to take meal periods that

4    were late, shortened, or interrupted, and failed to compensate Plaintiff and the other Class

5    Members the full meal period premium for missed, shortened, late, or interrupted meal periods at

6    the regular rate of pay (instead of a base hourly rate of pay).

7        66.    During the relevant time period, Defendant failed to pay Plaintiff and the other

8    Class Members the full meal period premiums due pursuant to California Labor Code section

9    226.7.

10        67.    Defendant's conduct violates the applicable IWC Wage Order and California

11    Labor Code sections 226.7 and 512(a).

12        68.    Pursuant to the applicable IWC Wage Order and California Labor Code section

13    226.7(b), Plaintiff and the other Class Members are entitled to recover from Defendant one

14    additional hour of pay at the employee's regular rate of compensation for each work day that the

15    meal period was not provided.

16                         **THIRD CAUSE OF ACTION**

17              **(Violation of California Labor Code § 226.7)**

18                     **(Against All Defendants)**

19        69.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and

20    every allegation set forth above.

21        70.    At all times herein set forth, the applicable IWC Wage Order and California Labor

22    Code section 226.7 were applicable to Plaintiff and the other Class Members' employment by

23    Defendant.

24        71.    At all relevant times, California Labor Code section 226.7 provides that no

25    employer shall require an employee to work during any rest period mandated by an applicable

26    order of the California IWC.

27        72.    At all relevant times, the applicable IWC Wage Order provides that "[e]very

28

1  employer shall authorize and permit all employees to take rest periods, which insofar as
2  practicable shall be in the middle of each work period" and that the "rest period time shall be
3  based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4)
4  hours or major fraction thereof unless the total daily work time is less than three and one-half
5  (3.5) hours."

6      73.    During the relevant time period, Defendant required Plaintiff and other Class
7  Members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest
8  period per each four (4) hour period worked.

9      74.    During the relevant time period, Defendant willfully required Plaintiff and the
10  other Class Members to work during rest periods, failed to allow Plaintiff and the other Class
11  Member to take any rest period and/or failed to authorize and permit Plaintiff and the other Class
12  Members to take uninterrupted, duty-free rest breaks.

13      75.    During the relevant time period, Defendant failed to pay Plaintiff and the other
14  Class Members the full rest period premium due pursuant to California Labor Code section 226.7
15  for work performed during rest periods, and/or for failure to authorize and permit Plaintiff and
16  other Class Members from taking uninterrupted rest periods.

17      76.    Defendant's conduct violates applicable IWC Wage Orders and California Labor
18  Code section 226.7.

19      77.    Pursuant to the applicable IWC Wage Orders and California Labor Code section
20  226.7(b), Plaintiff and the other Class Members are entitled to recover from Defendant one
21  additional hour of pay at the employees' regular hourly rate of compensation for each work day
22  that the rest period was not provided.

23  **FOURTH CAUSE OF ACTION**

24  **(Violation of California Labor Code §§ 1194, 1197, and 1197.1)**

25  **(Against All Defendants)**

26      78.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and
27  every allegation set forth above.

28

79.     At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provide that the minimum wage to be paid to employees and the payment of a lesser wage than the minimum so fixed is unlawful.

80.     During the relevant time period, Defendant regularly failed to pay minimum wage to Plaintiff and the other Class Members as required pursuant to California Labor Code sections 1194, 1197, and 1197.1.

81.     Defendant's failure to pay Plaintiff and the other Class Members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1. Pursuant to those sections, Plaintiff and the other Class Members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorneys' fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

82.     Pursuant to California Labor Code section 1194.2, Plaintiff and the other Class Members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

### FIFTH CAUSE OF ACTION

**(Violation of California Labor Code §§ 201, 202, 203, and 227.3)**

**(Against All Defendants)**

83.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

84.     At all relevant times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

85.     During the relevant time period, the employment of Plaintiff and many other Class Members with Defendant ended, *i.e.* was terminated by quitting or discharge. Defendant

1  intentionally and willfully failed to pay Plaintiff and other Class Members who are no longer

2  employed by Defendant all of their wages, earned and unpaid, including but not limited to

3  minimum wages, straight time wages, and overtime wages, within seventy-two (72) hours of their

4  leaving Defendant's employ.

5      86.    Defendant's failure to pay Plaintiff and other Class Members who are no longer

6  employed by Defendant their wages, earned and unpaid, within seventy-two (72) hours of their

7  leaving Defendant's employ, is in violation of California Labor Code sections 201 and 202.

8      87.    California Labor Code section 203 provides that if an employer willfully fails to

9  pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall

10  continue as a penalty from the due date thereof at the same rate until paid or until an action is

11  commenced; but the wages shall not continue for more than thirty (30) days.

12      88.    Plaintiff and other Class Members who are no longer employed by Defendant are

13  entitled to recover from Defendant the statutory penalty wages for each day they were not paid,

14  up to a thirty (30) day maximum pursuant to California Labor Code section 203.

15                    **SIXTH CAUSE OF ACTION**

16        **(Violation of California Labor Code §§ 204, 227.3 and 210)**

17                    **(Against All Defendants)**

18      89.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and

19  every allegation set forth above

20      90.    At all times herein set forth, California Labor Code section 204 provides that all

21  wages earned by any person in any employment between the 1st and 15th days, inclusive, of any

22  calendar month, other than those wages due upon termination of an employee, are due and payable

23  between the 16th and 26th day of the month during which the labor was performed.

24      91.    At all times herein set forth, California Labor Code section 204 provides that all

25  wages earned by any person in any employment between the 16th and the last day, inclusive, of

26  any calendar month, other than those wages due upon termination of an employee, are due and

27  payable between the 1st and the 10th day of the following month.

28

92. At all times herein set forth, California Labor Code section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

93. During the relevant time period, Defendant intentionally and willfully failed to pay Plaintiff and other Class Members all wages due to them, within any time period permissible under California Labor Code section 204.

94. Plaintiff and other Class Members are entitled to recover all available remedies for Defendant's violations of California Labor Code section 204, including statutory penalties pursuant to Labor Code section 210(b).

### SEVENTH CAUSE OF ACTION

#### (Violation of California Labor Code § 226(a))

#### (Against All Defendants)

95. Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

96. At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

97.     Defendant has intentionally and willfully failed to provide Plaintiff and the Class with complete and accurate wage statements. The deficiencies include, but are not limited to the failure list the total number of hours worked, the actual gross wages earned, the correct rates of pay, and the address of the legal entity of the employer.

98.     Because of Defendant's violation of California Labor Code section 226(a), Plaintiff and the Class have suffered injury and damage to their statutorily-protected rights.

99.     More specifically, Plaintiff and the Class have been injured by Defendant's intentional and willful violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate and itemized wage statements pursuant to California Labor Code section 226(a).

100.    Plaintiff and the Class are entitled to recover from Defendant the greater of their actual damages caused by Defendant's failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

101.    Plaintiff and the Class are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(g).

**EIGHTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 2800 and 2802)**

**(Against All Defendants)**

102.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

103.    Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her job duties or in direct consequence of his or her job duties or in direct consequence of his or her obedience to the directions of the employer.

104.    Plaintiff and the Class incurred necessary business-related expenses and costs that were not fully reimbursed by Defendant. Defendant's failure to reimburse for all necessary business-related expenses and costs included their failure to reimburse Plaintiff and the Class for

1  costs incurred as a result of, including but not limited to, simple negligence.

2      105.    Defendant has intentionally and willfully failed to reimburse Plaintiff and the
3  Class for all necessary business-related expenses and costs. Plaintiff and the Class are entitled to
4  recover from Defendant their business-related expenses and costs incurred during the course and
5  scope of their employment, plus interest accrued from the date on which the employee incurred
6  the necessary expenditures at the same rate as judgments in civil actions in the State of California.

7                          **NINTH CAUSE OF ACTION**

8                      **(Violation of Cal. Labor Code § 246)**

9                          **(Against All Defendants)**

10     106.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and
11  every allegation set forth above.

12     107.    At all times herein set forth, California labor Code section 246 provides that the
13  employer shall calculate paid sick leave by using one of two calculations: (1) "Paid sick time for
14  nonexempt employees shall be calculated in the same manner as the regular rate of pay for the
15  workweek in which the employee uses paid sick time, whether or not the employee actually works
16  overtime in that workweek;" or " (2) "Paid sick time for nonexempt employees shall be calculated
17  by dividing the employee's total wages, not including overtime premium pay, by the employee's
18  total hours worked in the full pay periods of the prior 90 days of employment"

19     108.    Whenever Defendant paid Plaintiff and the Class sick time pursuant to California
20  Labor Code section 246, Defendant did so at the incorrect rate of pay. Defendant paid Plaintiff
21  and the Class at the base hourly rate of pay, as opposed to the regular rate of pay, which would
22  take into account and include non-discretionary wages, including but not limited to shift
23  differentials and/or other incentive pay in the computation of their overtime pay, or by dividing
24  the employees' total wages, not including overtime premium pay, by the employees' total hours
25  worked in the full pay periods of the prior 90 days of employment, as required by Labor Code
26  section 246. This resulted in the employees being underpaid for sick time, and resulted in
27  violations of Labor Code sections 201, 202, and 203, and derivative Labor Code violations,

28

1  because Defendant did not pay, or timely pay, Plaintiff and the Class for the unpaid wages for

2  work performed by them during their employment and at the end of the employment.

3      109.    Plaintiff and other Class Members are entitled to recover all available remedies for

4  Defendant's violations of California Labor Code section 246, including statutory penalties.

**TENTH CAUSE OF ACTION**

**(Violation of Cal. Business & Professions Code §§ 17200, et seq.)**

**(Against All Defendants)**

8      110.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and

9  every allegation set forth above.

10     111.    Defendant's conduct, as alleged herein, has been, and continues to be, unfair,

11  unlawful and harmful to Plaintiff and the Class, to the general public, and Defendant's

12  competitors. Accordingly, Plaintiff seeks to enforce important rights affecting the public interest

13  within the meaning of Code of Civil Procedure section 1021.5.

14     112.    Defendant's activities as alleged herein are violations of California law, and

15  constitute unlawful business acts and practices in violation of California Business & Professions

16  Code section 17200, *et seq.*

17     113.    A violation of California Business & Professions Code section 17200, *et seq.* may

18  be predicated on the violation of any state or federal law. In this instant case, Defendant's policies

19  and practices of requiring employees, including Plaintiff and the Class, to work overtime without

20  paying them proper compensation violate California Labor Code sections 510 and 1198.

21  Additionally, Defendant's policies and practices of requiring employees, including Plaintiff and

22  the Class, to work through their meal and rest periods without paying them proper compensation

23  violate California Labor Code sections 226.7 and 512(a). Moreover, Defendant's policies and

24  practices of failing to timely pay wages to Plaintiff and the Class violate California Labor Code

25  sections 201, 202, 203 and 204.

26     114.    Defendant also violated California Labor Code sections 221, 226(a), 1194, 1197,

27  1197.1, 510, 1174(d), 2800, and 2802.

28

115.   As a result of the herein described violations of California law, Defendant unlawfully gained an unfair advantage over other businesses.

116.   Plaintiff and the Class have been personally injured by Defendant's unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

117.   Pursuant to California Business & Professions Code sections 17200, *et seq.*, Plaintiff and the Class are entitled to restitution of the wages withheld and retained by Defendant during a period that commences four years prior to the filing of this Complaint; an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other members of the general public similarly situated, prays for relief and judgment against Defendant, jointly and severally, as follows:

### Class Certification

1.   That this action be certified as a class action;

2.   That Plaintiff be appointed as the representative of the Class;

3.   That counsel for Plaintiff be appointed as Class Counsel; and

4.   That Defendant provide to Class Counsel immediately the names and most current/last known contact information (address, e-mail and telephone numbers) of all class members.

### As to the First Cause of Action

5.   That the Court declare, adjudge and decree that Defendant violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiff and other Class Members;

6.   For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7.    For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

8.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194; and

9.    For such other and further relief as the Court may deem just and proper.

### As to the Second Cause of Action

10.    That the Court declare, adjudge and decree that Defendant violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal periods (including second meal periods) to Plaintiff and the Class;

11.    That the Court make an award to Plaintiff and the Class of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

12.    For all actual, consequential, and incidental losses and damages, according to proof;

13.    For premium wages pursuant to California Labor Code section 226.7;

14.    For pre-judgment interest on any unpaid wages from the date such amounts were due;

15.    For reasonable attorneys' fees and costs of suit incurred herein; and

16.    For such other and further relief as the Court may deem just and proper.

### As to the Third Cause of Action

17.    That the Court declare, adjudge and decree that Defendant violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff and the Class;

18.    That the Court make an award to Plaintiff and the Class of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

19.    For all actual, consequential, and incidental losses and damages, according to

1  proof;

2      20.    For premium wages pursuant to California Labor Code section 226.7;

3      21.    For pre-judgment interest on any unpaid wages from the date such amounts were
4  due; and

5      22.    For such other and further relief as the Court may deem just and proper.

6               **As to the Fourth Cause of Action**

7      23.    That the Court declare, adjudge and decree that Defendant violated California
8  Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to
9  Plaintiff and the Class;

10     24.    For general unpaid wages and such general and special damages as may be
11 appropriate;

12     25.    For statutory wage penalties pursuant to California Labor Code section 1197.1 for
13 Plaintiff and the Class in the amount as may be established according to proof at trial;

14     26.    For pre-judgment interest on any unpaid compensation from the date such amounts
15 were due;

16     27.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to
17 California Labor Code section 1194(a);

18     28.    For liquidated damages pursuant to California Labor Code section 1194.2; and

19     29.    For such other and further relief as the Court may deem just and proper.

20              **As to the Fifth Cause of Action**

21     30.    That the Court declare, adjudge and decree that Defendant violated California
22 Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the
23 time of termination of the employment of Plaintiff and other Class Members no longer employed
24 by Defendant;

25     31.    For all actual, consequential, and incidental losses and damages, according to
26 proof;

27     32.    For statutory wage penalties pursuant to California Labor Code section 203 for

28

1  Plaintiff and other Class Members who have left Defendant's employ;

2      33.    For pre-judgment interest on any unpaid compensation from the date such amounts

3  were due; and

4      34.    For such other and further relief as the Court may deem just and proper.

5                    **As to the Sixth Cause of Action**

6      35.    That the Court declare, adjudge and decree that Defendant violated California

7  Labor Code section 204 by willfully failing to pay all compensation owed at the time required by

8  California Labor Code section 204 to Plaintiff and the Class;

9      36.    For statutory penalties pursuant to California Labor Code section 210;

10      37.    For such other and further relief as the Court deems just and proper.

11                  **As to the Seventh Cause of Action**

12      38.    That the Court declare, adjudge and decree that Defendant violated the record

13  keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as

14  to Plaintiff and the Class, and willfully failed to provide accurate itemized wage statements

15  thereto;

16      39.    For actual, consequential and incidental losses and damages, according to proof;

17      40.    For statutory penalties pursuant to California Labor Code section 226(e); and

18      41.    For such other and further relief as the Court may deem just and proper.

19                  **As to the Eight Cause of Action**

20      42.    That the Court declare, adjudge and decree that Defendant violated California

21  Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiff and the Class for

22  all necessary business-related expenses as required by California Labor Code sections 2800 and

23  2802;

24      43.    For actual, consequential and incidental losses and damages, according to proof;

25      44.    For the imposition of civil penalties and/or statutory penalties;

26      45.    For reasonable attorneys' fees and costs of suit incurred herein; and

27      46.    For such other and further relief as the Court may deem just and proper.

28

1

2                          **As to the Ninth Cause of Action**

3        47.    That the Court declare, adjudge and decree that Defendant violated California

4   Labor Code section 246 and applicable IWC Wage Orders by willfully failing to Plaintiff and the

5   Class sick pay at the regular rate of pay;

6        48.    For all actual, consequential, and incidental losses and damages, according to

7   proof;

8        49.    For any premium wages, statutory penalties, and remedies as permitted by law;

9        50.    For pre-judgment interest on any unpaid wages from the date such amounts were

10  due; and

11       51.    For such other and further relief as the Court may deem just and proper.

12                          **As to the Tenth Cause of Action**

13       52.    That the Court declare, adjudge and decree that Defendant violated California

14  Business and Professions Code sections 17200, *et seq.* by failing to provide Plaintiff and the Class

15  all overtime compensation due to them, failing to provide all meal and rest periods to Plaintiff

16  and the Class, failing to pay at least minimum wages to Plaintiff and the Class, failing to pay

17  Plaintiff's and other Class Members' wages timely as required by California Labor Code section

18  201, 202 and 204 and by violating California Labor Code sections 226(a), 1174(d), 2800, and

19  2802;

20       53.    For restitution of unpaid wages to Plaintiff and the Class and all pre-judgment

21  interest from the day such amounts were due and payable;

22       54.    For the appointment of a receiver to receive, manage and distribute any and all

23  funds disgorged from Defendant and determined to have been wrongfully acquired by Defendant

24  as a result of violation of California Business and Professions Code sections 17200, *et seq.*;

25       55.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

26  California Code of Civil Procedure section 1021.5;

27       56.    For injunctive relief to ensure compliance with this section, pursuant to California

28

Business and Professions Code sections 17200, *et seq.*; and

57.  For such other and further relief as the Court may deem just and proper.

Dated: June 8, 2022                              **DOMB & RAUCHWERGER, LLP**

By: _____

ZACK I. DOMB
DEVIN RAUCHWERGER
*Attorneys for* Plaintiff
Shenell Steward

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury as to all causes of action triable by a jury.

Dated: June 8, 2022                              DOMB & RAUCHWERGER, LLP

                                        By: _____
                                             Zack I. Domb
                                             Devin Rauchwerger
                                             *Attorneys for* Plaintiff
                                             Sheneil Steward

# EXHIBIT E

MICHAEL E. WILBUR (State Bar No. 152361)
AFRICA E. DAVIDSON (State Bar No. 225680)
APEX EMPLOYMENT LAW, LLP
505 14th Street, Suite 900
Oakland, California 94612
Telephone: (510) 588-1310

Email:  mwilbur@apexemploymentlaw.com

Attorneys for Defendant
NewView Oklahoma, Inc.


# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SOLANO

| | |
|---|---|
| Shenell Steward, individually and on behalf of others similarly situated,<br><br>        Plaintiff,<br>    vs.<br><br><br>NewView Oklahoma, Inc., an Oklahoma corporation; and DOES 1 through 50, inclusive,<br><br>        Defendants | Case No. FCS058441<br><br>**ANSWER TO PLAINTIFF SHENELL STEWARD'S COMPLAINT**<br><br>Action Filed:  June 9, 2022<br>Trial Date:  None Set |

Inasmuch as the Complaint is not verified, under the provisions of California Code of Civil Procedure §431.30(d), Defendant New View Oklahoma, Inc. denies generally each, every, and all of the allegations in said Complaint, and the whole thereof, including, but not limited to, the allegations that Plaintiff is entitled to any of the relief requested, that Defendant is guilty of any wrongful conduct toward Plaintiff or any other member of the putative class, whether alleged or otherwise, that conduct or omissions of Defendant caused any injury or damage to Plaintiff or any other member of the putative class in the manner or amount alleged, to be alleged or otherwise, that any of Plaintiff's claims are appropriate for class treatment, and that Plaintiff is an adequate representative of any putative class.

In addition, and without waiving any of the foregoing denials and defenses, Defendant, as and for its Affirmative Defenses to the Complaint herein, alleges as follows:

1

APEX EMPLOYMENT LAW, LLP
505 14th Street, Suite 900
Oakland, California 94612

APEX EMPLOYMENT LAW, LLP
505 14th Street, Suite 900
Oakland, California 94612

## FIRST AFFIRMATIVE DEFENSE

### (Federal Enclave Doctrine)

At all times pertinent, Plaintiff and all other members of the putative class were employed by Defendant on Travis Air Force Base, a federal enclave, and all of the claims in this action arise out of the putative class members' employment by Defendant in an area of Travis Air Force Base as to which California ceded partial legislative jurisdiction to the United States when the United States acquired the property for the base. As a result, legislative jurisdiction over the area where Plaintiff and other members of the putative class were employed by Defendant rests with the United States, with the sole exception of state taxation and service of process, and the state law claims of Plaintiff and all other members of the putative class are barred in whole or in part by the federal enclave doctrine.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

Defendant asserts that neither the Complaint, nor any of the purported causes of action alleged therein, alleges facts sufficient to state a cause of action against Defendant.

## THIRD AFFIRMATIVE DEFENSE

### (Waiting Time Penalties – Willfulness)

Defendant asserts that Plaintiff is barred from recovering waiting time penalties from Defendant because Defendant did not willfully fail to pay any wages to Plaintiff or any other member of the putative class, if one exists. Plaintiff's claim that she and other members of the putative class are owed additional wages are the subject of a good faith dispute.

## FOURTH AFFIRMATIVE DEFENSE

### (Statutes of Limitations)

Defendant asserts that Plaintiff's Complaint, and each purported claim for relief alleged therein, is barred in whole or in part, to the extent that it is based on alleged acts, omissions, or occurrences outside the limitations periods, including, but not limited to the limitations period established by California Code of Civil Procedure sections 338(a), 340(a), Labor Code section 203 and/or Business & Professions Code section 17208 as applicable.

APEX EMPLOYMENT LAW, LLP
505 14th Street, Suite 900
Oakland, California 94612

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

Defendant asserts that Plaintiff's Complaint, and each purported claim for relief alleged therein, is barred to the extent that any of the conduct that is alleged to be actionable was taken as a result of conduct by Plaintiff or by any member of the putative class Plaintiff seeks to represent.

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

Defendant asserts that Plaintiff's Complaint, and each purported claim for relief alleged therein, is barred to the extent that Plaintiff or any member of the putative class Plaintiff seeks to represent waived any of the claims asserted in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

Defendant asserts that Plaintiff's Complaint, and each purported claim for relief alleged therein, is barred by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

### (Unclean Hands/*In Pari Delicto*)

Defendant asserts that Plaintiff's Complaint, and each purported claim for relief alleged therein, is barred by the doctrine of unclean hands and/or *in pari delicto*.

## NINTH AFFIRMATIVE DEFENSE

### (Consent)

Defendant asserts that Plaintiff's Complaint, and each purported claim for relief alleged therein, is barred to the extent that Plaintiff or any member of the putative class Plaintiff seeks to represent consented to or authorized the conduct and omissions alleged in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

### (Justification)

Defendant asserts that all of the actions attributed to it in the Complaint were conducted with justification in a reasonable and appropriate manner, under the circumstances known to Defendant. These actions were in good faith and for a fair, honest and lawful reason, and not with the intent to

APEX EMPLOYMENT LAW, LLP
505 14th Street, Suite 900
Oakland, California 94612

injure Plaintiff or any member of the putative class.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Standing)

Defendant asserts that Plaintiff's Complaint is barred to the extent that either Plaintiff lacks standing to assert any of the claims therein on behalf of herself or anyone else.

## TWELFTH AFFIRMATIVE DEFENSE

### (Conduct not "Unfair")

Defendant asserts that the practices at issue in the Complaint are not "unfair" within the meaning of California Business and Professions Code section 17200, *et seq.*, or any other state or federal law.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Conduct not "Unlawful")

Defendant asserts that the practices at issue in the Complaint are not "unlawful" within the meaning of California Business and Professions Code section 17200, *et seq.*, or any other state or federal law.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Jury Trial for Equitable Claims/Relief)

Defendant asserts that Plaintiff's Complaint does not entitle Plaintiff to a jury trial to the extent that any cause of action or relief sought grants no such entitlement.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Third Party Relief Unconstitutional)

The Complaint, to the extent it purports to request relief on behalf of persons who are not parties to this action, violates Defendant's rights to substantive and procedural due process and equal protection under the law as provided by the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 7 and Article IV, Section 16 of the Constitution of the State of California.

*///*

4

*ANSWER*

APEX EMPLOYMENT LAW, LLP
505 14th Street, Suite 900
Oakland, California 94612

### SIXTEENTH AFFIRMATIVE DEFENSE

(Accord and Satisfaction, Payment)

Plaintiff's claims are barred in whole or in part by the principles of accord and satisfaction, and payment.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Setoff and Recoupment)

Defendant asserts that if any damages have been sustained by Plaintiff or any member of the putative class, although such is not admitted hereby or herein and is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all obligations of the Plaintiff, or any member of the putative class, owed to Defendant against any judgment that may be entered against Defendant.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(Cal. Labor Code §§ 2854 and 2856)

Defendant asserts that Plaintiff's claims are barred in whole or in part by virtue of California Labor Code sections 2854 and 2856, to the extent that either Plaintiff, or any member of the putative class, failed to use ordinary care and diligence in the performance of their duties and failed to comply substantially with the reasonable directions of their employer.

### NINETEENTH AFFIRMATIVE DEFENSE

(Failure to Utilize Preventive or Corrective Measures)

To the extent Defendant had any obligation to do so, Defendant exercised reasonable care to prevent and promptly correct any alleged illegality.  Plaintiff's claims are barred to the extent that she and other members of the putative class unreasonably failed to take advantage of preventive and corrective opportunities offered by Defendant.

### TWENTIETH AFFIRMATIVE DEFENSE

(Acts and Omissions)

Plaintiff's Complaint and each of the purported causes of action alleged therein is barred to the extent that Plaintiff or any member of the putative class caused, contributed to, or increased by their own actions or omissions any damages they are claiming to have suffered as a result of

1   Defendant's alleged acts.

2                    **RESERVATION OF RIGHTS**

3          Defendant presently has insufficient knowledge or information on which to form a belief as

4   to whether it may have additional, as yet unstated, affirmative defenses available.  Defendant

5   reserves herein the right to assert additional affirmative defenses as they may become apparent

6   during the course of discovery, continuing discovery, and any and all subsequent proceedings in this

7   action.

8          WHEREFORE, Defendant prays for judgment as follows:

9          1.     That Plaintiff take nothing by way of her Complaint in this action and that the

10  Complaint be dismissed with prejudice;

11         2.     That the Court enter judgment for Defendant;

12         3.     For costs and attorney's fees incurred in defense of this action, as allowable by law,

13  including without limitation Labor Code section 218.5; and

14         4.     For such other and further relief as the Court may deem proper

15  Dated: August 24, 2022           APEX EMPLOYMENT LAW, LLP

16

17                                  By:  _____

18                                       MICHAEL E. WILBUR
                                         AFRICA E. DAVIDSON
19                                       Attorneys for Defendant NewView Oklahoma, Inc.

20

21

22

23

24

25

26

27

28

APEX EMPLOYMENT LAW, LLP
505 14th Street, Suite 900
Oakland, California 94612

## PROOF OF SERVICE

I, the undersigned, declare that I am and was at all times herein mentioned employed in the City of Oakland and the County of Alameda, State of California; over the age of eighteen (18) and not a party to this action; that my business address is 505 14th Street, Suite 900, Oakland, California 94612.

On **August 24, 2022,** I served a true and correct copy of the **ANSWER TO PLAINTIFF SHENELL STEWARD'S COMPLAINT** on the interested party(ies) in this action addressed as follows:

**Attorney for Plaintiff Shenell Steward**
Zack I. Domb
Devin Rauchwerger
Domb & Rauchwerger, LLP
1055 East Colorado Blvd., Fifth Floor
Pasadena, CA 91106
Email: zack@dombrauchwerger.com
Email: devin@dombrauchwerger.com

☒ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred.

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address ssavage@apexemploymentlaw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Oakland, California, on **August 24, 2022**.

_____
Sandra Savage

APEX EMPLOYMENT LAW, LLP
505 14th Street, Suite 900
Oakland, California 94612

7

*ANSWER*